JOURNAL ENTRY AND OPINION
Defendant-appellant Lakisha Westerfield appeals the sentence imposed by the trial court after she pled guilty to involuntary manslaughter urging that R.C. 2929.14(B) required the imposition of the minimum sentence. After a review of the record, we affirm the sentence imposed by the trial court.
On May 25, 2000, defendant was indicted for murder, in violation of R.C. 2903.02. It is undisputed that during the course of an argument, defendant stabbed her boyfriend resulting in his death. According to the record, defendant's statements contained in the police report indicate that at the time of the victim's death she was not in fear but was irritated that the victim would not "get out of her face." Defendant further indicated to the police that she knew the victim would not hurt her.
On October 16, 2000, the State amended the murder count in the indictment to involuntary manslaughter, a felony of the first degree, punishable by three to ten years incarceration, in yearly increments. Defendant pled guilty to this amended charge.
On November 17, 2000, the court conducted a sentencing hearing and considered the testimony of certain witnesses. In particular, defendant offered her own testimony and that of two witnesses from Templum House who offered their opinion that defendant suffered from Battered Womens Syndrome. In response, the State relied upon the evidence as presented in the police report and presentence investigation, arguing that the nature and circumstances of defendant's actions in causing the victim's death warranted the ten-year maximum sentence. In addition, the court heard testimony from the victim's mother and received numerous victim impact statements advocating that defendant receive the maximum sentence.
The court found that to impose the minimum sentence would demean the seriousness of the crime and would not adequately protect the public. The court further opined that "defendant has exhibited through this crime and the circumstances surrounding this crime an inability to appropriately respond to a situation and, in fact, acting out of inappropriate rage." (Tr. 37). Accordingly, the court sentenced defendant to eight years in prison, full credit for any time served, and advised defendant of post-release control. From this sentence defendant timely appeals and assigns a single error for our review:
 I. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT ON THE INVOLUNTARY MANSLAUGHTER COUNT WHEN IT FAILED TO IMPOSE THE MINIMUM SENTENCE AS REQUIRED BY REVISED CODE SECTION 2929.14(B).
Defendant maintains that R.C. 2929.14(B) compelled the trial court to impose the three-year minimum sentence in this case. We disagree. R.C.2929.14(B) requires a trial court to impose a minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender.State v. Edmonson (1999), 86 Ohio St.3d 324. The record must reflect that the trial court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence. Id. The trial court need not give its reasons for imposing more than the minimum authorized sentence; however, it must be clear from the record that the trial court engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons. Id.;State v. Anderson (Sept. 27, 2001), Cuyahoga App. No. 78887, unreported.
Here, at the sentencing hearing, the trial court stated the following:
 The defendant did not act here in self-defense. She has admitted here to the officers that appeared shortly after on the scene that she did not feel threatened or afraid. I am extremely troubled by the fact that she left the room, went into the kitchen, got a knife and then later used that knife to kill the defendant (sic).
* * *
 I will impose a sentence of prison and it will be a period greater than the minimum sentence of three years, as I find that to impose a minimum sentence would demean the seriousness of this crime and would not adequately protect the public. It is this Court's opinion that the defendant has exhibited through this crime and the circumstances surrounding this crime an inability to appropriately respond to a situation and, in fact, acting out of inappropriate rage.
(Tr. 36-37). Moreover, the court indicated on the record that it did not find the hearsay testimony opining that defendant suffered from Battered Womens Syndrome persuasive enough to overcome the presumption of prison in this case.
The record adequately shows that the trial court complied with the dictates of R.C. 2929.14(B) when imposing more than the minimum sentence. Specifically, the court specified that the three-year minimum sentence would demean the seriousness of defendant's conduct and would not adequately protect the public. Thus, it is clear that the trial court considered, and decided to depart from, the statutorily mandated minimum based on both of the permitted reasons found in R.C. 2929.14(B).
Accordingly, defendant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.